UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

Case No.: 5:25-CV-69-BO

PLAINTIFF:
- Hamza Tebib

V.

DEFENDANTS:

1. Robert D. Fountain in Official and individual capacities
2. Chief Fred Robertson in Official and individual capacities
3. Sergeant Brame in Official and individual capacities
4. Granville County
5. Sheriff's Surety Bond


FILED
FEB 11 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 – "SEGREGATION"

### INTRODUCTION

Plaintiff, **Hamza Tebib**, brings this action under **42 U.S.C. § 1983** to redress multiple violations of his constitutional rights by the named defendants, including **segregation without due process, cruel and unusual punishment, excessive lockdown, denial of access to courts, failure to protect, retaliation, and obstruction of justice** while detained in the Granville County Detention Center.

Plaintiff seeks declaratory relief, compensatory and punitive damages, and any further relief deemed just and appropriate by this Court.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1343** (civil rights violations).
2. Venue is proper under **28 U.S.C. § 1391(b)**, as the events giving rise to this claim occurred in Granville County, North Carolina, within the Eastern District of North Carolina.

Page **1** of **5**

Case 5:25-ct-03036-BO    Document 1    Filed 02/11/25    Page 1 of 5

## FACTUAL BACKGROUND

### I. Failure to Protect from Assault (Deliberate Indifference)

3. On **November 4, 2024**, Plaintiff was **attacked, assaulted, and battered** by an inmate known as **Jay** while housed in Granville County Jail.

4. Ten days before the attack, Plaintiff submitted written correspondence to Sergeant Brame, warning him of the threat posed by Jay. Plaintiff informed Brame that Jay was spreading false accusations among inmates, calling Plaintiff a "molester," "terrorist," "sexual predator," and other derogatory names.

5. Plaintiff also reported to Correctional Officers Austin, Humphrey, and Peirce, who relayed the warning to Brame.

6. Brame ignored Plaintiff's warnings and failed to take any protective measures.

7. On November 4, 2024, Jay violently attacked Plaintiff, causing significant injuries, including right shoulder mobility impairment lasting over 90 days.

8. Defendants' failure to act amounts to deliberate indifference to Plaintiff's safety, violating his Eighth and Fourteenth Amendment rights.

### II. Unlawful Administrative Segregation

9. Following the attack, Chief Fred Robertson and three other correctional officers placed Plaintiff in administrative segregation without justification.

10. Plaintiff requested that Fred review the surveillance footage, which clearly showed that Jay was the aggressor in the attack. Fred acknowledged this but still chose to punish Plaintiff unjustly by placing him in segregation.

11. Plaintiff was held in segregation for an indeterminate amount of time without a formal write-up, hearing, or appeal process in violation of the Fourteenth Amendment's Due Process Clause.

12. While in segregation, Plaintiff was housed next to his attacker, who continued his verbal abuse and harassment for over 8 hours daily, including derogatory name-calling and wall-banging.

13. Plaintiff repeatedly filed grievances requesting either his relocation or the removal of his attacker. Fred Robertson and jail staff took minimal corrective action, allowing the verbal abuse to persist for 10 days.

14. Jail policy states that segregation exceeding 72 hours requires a formal charge and hearing, which Defendants failed to provide, making the segregation unlawful.

15. Defendants' failure to follow their own policies violated Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment.

### III. Excessive Lockdown & Denial of Recreation

16. Since November 10, 2022, Defendants have subjected Plaintiff and other pretrial detainees to excessive lockdown conditions without legitimate penological justification.

17. Pretrial detainees are confined to their cells for 21-22 hours a day on weekdays, with 100% lockdown on weekends, lasting from 60 to 78 consecutive hours.

18. Outdoor recreation is arbitrarily denied for months at a time without justification, depriving detainees of fresh air and exercise.

19. The prolonged and excessive lockdown has caused physical harm, emotional harm, diminished muscle mass, weakened immune response, increased anxiety, depression, cognitive impairments, and overall diminished physical capacity due to extended isolation.

20. Granville County Jail's policy and practices aim to punish rather than detain pretrial inmates, violating the Fourteenth Amendment's Due Process Clause.

### IV. Retaliation, Denial of Access to Courts & Obstruction of Justice

21. Plaintiff submitted multiple grievances requesting:
    - A **formal write-up** explaining his segregation.
    - Criminal charges against his attacker.
    - A request to speak with a Magistrate Judge regarding the attack.

22. Defendants **ignored** these grievances and refused to allow Plaintiff access to the legal system.

23. Defendants' refusal to file a report against Plaintiff's attacker and their obstruction of Plaintiff's legal recourse **violates Plaintiff's First and Fourteenth Amendment rights**.

### CLAIMS FOR RELIEF

Plaintiff brings the following claims against Defendants Robert Fountain, Fred Robertson, Sergeant Brame, Granville County, and the Sheriff's Surety Bond, individually and in their official capacities:

1. **42 U.S.C. § 1983 - Deliberate Indifference to Safety** (Failure to Protect) (Eighth and Fourteenth Amendments).
2. **42 U.S.C. § 1983 - Cruel and Unusual Punishment (Eighth and Fourteenth Amendments)**
3. **42 U.S.C. § 1983 - Due Process Violations (Unlawful Segregation) (Fourteenth Amendment).**
4. **42 U.S.C. § 1983 - Retaliation (First Amendment).**
5. **42 U.S.C. § 1983 - Denial of Access to Courts (First and Fourteenth Amendments).**
6. **State Law - Intentional Infliction of Emotional Distress.**
7. **State Law - Obstruction of Justice.**
8. **Failure to Train, Supervise, and Discipline Officers.**
9. **Immunity Waiver under N.C. General Statutes § 58-76-5.**

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1. **Compel Defendants to allow Plaintiff access to court to press charges against his attacker**.
2. **Declare that Defendants' policies and practices violate Plaintiff's constitutional rights**.
3. **Compensatory and punitive damages**.
4. **Attorney's fees and costs** under 42 U.S.C. § 1988.
5. **Triable damage authorized by NCGS 162-255.**
6. **Order Defendants to reform unconstitutional practices**.
7. **Any other relief this Court deems just and proper**.

Respectfully submitted;

February 11, 2025

**Verification:**

I, Hamza Tebib, duly sworn under penalty perjury attest that everything here is true and accurate to the best of my knowledge, except those matters alleged upon information and belief.

Hamza Tebib<br>
Granville Detention Center<br>
525 New Commerce Drive, Oxford, NC 27565

Print name ............ *Hamza Tebib*

Signed ............ *Hamza Tebib*

Date ............ 02/11/2025